NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0286n.06

Nos. 15-2037/15-2197

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 31, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MONROE AVANT, JR.; | ) | MICHIGAN |
| TODD SELMA, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

BEFORE: MOORE, SUTTON, and DONALD, Circuit Judges.

PER CURIAM. Monroe Avant, Jr., and Todd Selma appeal the district court's denial of their joint motion to suppress. We affirm.

On March 18, 2014, law enforcement officers executed a search warrant at 3909 Spruce Street, Inkster, Michigan. Shortly before law enforcement's arrival, a white Buick Regal pulled into the driveway, and Selma, the passenger, exited the vehicle and entered the residence. When law enforcement arrived, Avant, the driver, exited the vehicle and put his hands up; he was handcuffed and questioned away from the vehicle. Selma fled the house and was apprehended a block away. A search of the Buick uncovered an AR-15 rifle, marijuana, and heroin.

A federal grand jury subsequently charged Avant and Selma with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Avant moved to suppress the firearm and drugs seized during the warrantless search of the Buick; Selma filed a notice of joinder and concurrence in the motion. After an evidentiary hearing, the district court denied the defendants'

motion to suppress based on two exceptions to the warrant requirement: (1) the detection of a drug odor coming from the vehicle and (2) the plain-view doctrine. Both defendants entered into plea agreements preserving the right to appeal the denial of their motion to suppress. Avant pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and received a 46-month sentence. Selma pleaded guilty to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), and received a 71-month sentence. This timely appeal followed.

"When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Hinojosa*, 606 F.3d 875, 880 (6th Cir. 2010). In doing so, we consider the evidence in the light most favorable to the government. *United States v. Johnson*, 707 F.3d 655, 658 (6th Cir. 2013).

"If there is probable cause to believe a vehicle contains evidence of criminal activity," an officer may search "any area of the vehicle in which the evidence might be found." *Arizona v. Gant*, 556 U.S. 332, 347 (2009). We have "held that an officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search." *United States v. Elkins*, 300 F.3d 638, 659 (6th Cir. 2002) (citing *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993)). Here, Sergeant Paul White testified that he is familiar with the odor of marijuana and that, as he approached the driver's door of the Buick, he could smell burnt marijuana. Captain Daniel Voltattorni also testified that he is familiar with the odor of marijuana and that, as he placed Avant in handcuffs and moved him away from the vehicle, he detected an odor of burnt marijuana emanating from both Avant and the vehicle.

The defendants contend that the district court should have credited the testimony of Coreathen Avant, Avant's wife and the Buick's owner. While Mrs. Avant denied smelling burnt marijuana in her vehicle, she admitted that she did not know what happened in the car on March

18, 2014, between when her husband dropped her off at work at 4:30 a.m. and when the search warrant was executed later that morning. The district court acknowledged the defendants' argument that there was no physical evidence of burnt marijuana in the vehicle but found that the testimony of Sergeant White and Captain Voltattorni, who both testified to smelling burnt marijuana, was credible. We give "great deference" to the district court's credibility determinations. *United States v. Navarro-Camacho*, 186 F.3d 701, 707 (6th Cir. 1999). The defendants also argue that law enforcement should have used canine units to inspect the Buick to detect the presence of marijuana. But the defendants have not cited any authority that requires the use of a canine unit to detect the presence of narcotics when an officer has already smelled narcotics. The district court did not clearly err in finding that the officers testified credibly that they smelled marijuana. Nor did the district court err in concluding that the smell of marijuana provided probable cause to search the Buick without a warrant.

The plain-view doctrine provided an independent basis to support the warrantless search of the Buick. Under the plain-view doctrine, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). "[A] motorist has 'no legitimate expectation of privacy shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers.'" *United States v. Galaviz*, 645 F.3d 347, 355 (6th Cir. 2011) (quoting *United States v. Campbell*, 549 F.3d 364, 373 (6th Cir. 2008)). Here, the officers were lawfully present at 3909 Spruce Street to execute a search warrant. Sergeant White testified that he looked into the driver's side window of the Buick and saw what appeared to be the butt of an AR-15 rifle between the center console and the

passenger's seat.  Captain Voltattorni testified that, when he reached inside the vehicle to turn the ignition off, he noticed a rifle on the passenger's side.  Other officers testified that they saw the rifle in plain view.  The incriminating nature of the rifle was immediately apparent, *see, e.g.*, Mich. Comp. Laws § 750.227d(1)(a), and provided probable cause to believe that the vehicle contained evidence of a crime, authorizing the officers to search the vehicle and giving them a lawful right of access to its interior.  *See Galaviz*, 645 F.3d at 357.

The defendants attempt to attack the credibility of the officers' testimony about the rifle.  But the officers' testimony was not "so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it."  *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985).

Selma's reliance on *Gant* is misplaced because that case involved the search of a vehicle incident to an arrest.  *See* 556 U.S. at 335.  The Buick was not searched incident to an arrest but was searched based on the officers' detection of the smell of marijuana and observation of the rifle in plain view.

For the foregoing reasons, we **AFFIRM** the district court's denial of the defendants' motion to suppress.